UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

IN RE: LUCIENNE MOOLENAAR,  :   Civil No. 2:19-cv-05767
          Debtor.  :
_____  :   Bankruptcy No. 19-16773
      :
LUCIENNE MOOLENAAR,  :
          Appellant,  :
      :
     v.  :
      :
JAMESTOWN VILLAGE-AIMCO,  :
          Appellee.  :
_____

**O P I N I O N**

Joseph F. Leeson, Jr.                                                                                            August 21, 2020
**United States District Judge**

**I.  INTRODUCTION**

      Before this Court is an appeal by Appellant Debtor, Lucienne Moolenaar, from the Order of the United States Bankruptcy Court for the Eastern District of Pennsylvania dated December 4, 2019.  In that Order, the Bankruptcy Court denied Moolenaar's Motion for Determination and Imposition of the Automatic Stay as the automatic stay occurred after the writ of possession was filed. Because this Court agrees with the Bankruptcy Court that the writ of possession occurred before the automatic stay, the Bankruptcy Court's Order is affirmed.

**II.  BACKGROUND**

      The property at issue is Moolenaar's former residence. *See* ECF No. 5-1; Mtn. for Determination and Imposition of the Automatic Stay.

      On October 18, 2019, Moolenaar's landlord served her with a writ of possession for her apartment located in Willow Grove, with the eviction to occur on October 28, 2019. *Id*. at ¶ 3.

In an attempt to prevent the eviction, Moolenaar filed an emergency motion to stay the eviction in the Montgomery County Court of Common Pleas. *Id*. at ¶ 4. The Montgomery County Court of Common Pleas denied the emergency motion on October 28, 2019. *Id*. at ¶ 8. The landlord changed the locks on Moolenaar's apartment on October 29, 2019, while Moolenaar traveled to file her bankruptcy petition. *Id*. at ¶ 5.

In Moolenaar's motion, she claims she filed her bankruptcy petition at 2:59 p.m. *See* ECF No. 5. That next day, on October 30, 2019, Moolenaar's motion for reconsideration in the Montgomery County Court of Common Pleas was denied. *See* Mtn. at ¶ 8; ECF No. 5-1. Ultimately, Moolenaar filed a de novo appeal on the ruling of the writ of possession in the Montgomery County Court of Common Pleas that is still pending. *See id*.

Moolenaaar served her landlord's counsel with the voluntary petition and additionally allegedly provided Form 101A to her landlord on November 5, 2019. *Id*. at ¶ 6. Moolenaar filed a "Motion for Determination and Imposition of the Automatic Stay" requesting to re-enter her apartment on the basis the automatic stay prevented her eviction. *See id*. The Bankruptcy Court denied this motion in an Order dated December 4, 2019.

On appeal, Moolenaar avers the automatic stay was triggered prior to her landlord locking the doors on her apartment, the pending state court appeal nullified the order of possession for purposes of the automatic stay, and she timely filed the Form 101A causing a temporary delay for the application of the Section 362(b)(22) exception for the first thirty days of her bankruptcy case.

**III.   STANDARD OF REVIEW**

On appeal, a district court reviews a bankruptcy court's findings of fact applying a "clearly erroneous" standard of review. *See Am. Flint Glass Workers Union v. Anchor*

*Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999).  A district court reviews the bankruptcy court's legal determinations de novo.  *See Sovereign Bank v. Schwab*, 414 F.3d 450, 452 (3d Cir. 2005); *J.P. Fyfe, Inc. v. Bradco Supply Corp.*, 891 F.2d 66, 69 (3d Cir. 1989).

IV. **APPLICABLE LAW**

    A.    **Automatic stay, 11 U.S.C. § 362**

The automatic stay provisions of the Bankruptcy Code provide that the filing of a petition operates as a stay, applicable to all entities, of:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
>
> (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

11 U.S.C. § 362(a).

If there is a dispute as to precisely when a bankruptcy petition was placed in the possession of the clerk, the time and date stamped on the petition gives rise to a presumption that the petition was filed at the time and on the date so indicated. *In re Godfrey*, 102 B.R. 769, 771 (Bankr. 9th Cir. 1989). The presumption is not conclusive, however. To rebut the presumption, a debtor must establish that the petition was placed in the clerk's custody or possession before the time and date stamped on the petition. *In re Schleier*, 290 B.R. 45, 50 (Bankr. S.D.N.Y. 2003).

V.   ANALYSIS

   A.  **Automatic stay**

In the first issue, Moolenaar attempts to argue the automatic stay was triggered prior to her losing possession of the apartment.

Here, Moolenaar cannot rebut the presumption of the time and date stamped on the petition. Moolenaar admits in her "Motion for Determination and Imposition of the Automatic Stay" that her landlord locked her out of her apartment as she traveled to file her petition. Thus, with the evidence presented, and Moolenaar's own admission, the lockout occurred prior to Moolenaar filing her petition at 2:59 p.m. on October 29, 2019. The Bankruptcy Court was not incorrect in its analysis. In light of factual uncertainties in this matter the Court must rely upon two clear facts: (1) that the lockout occurred prior to the filing of the petition, and (2) the petition was filed at 2:59 p.m. Accordingly, the ruling of the Bankruptcy Court is affirmed as regards this issue.

   B.  **The pending state court appeal**

In her second issue, Moolenaar states the pending state court appeal nullifies the writ of possession, citing to 11 U.S.C. § 362(b)(22). That statute states as follows:

> (b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—
>
> . . . .
>
> (22) subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor.

11 U.S.C. § 362(b)(22). Section 362(b)(22) authorizes a landlord to continue an eviction proceeding, unabated by the bankruptcy filing, and the automatic stay, when it possesses a prepetition judgment for possession of the debtor's residence and the debtor fails to provide the required certifications and rental payment due at the time the bankruptcy petition is filed.

The applicability of Section 362(b)(22) turns on whether the judgment of the magisterial district court constitutes a "judgment for possession." A case in the Western District, *In re Alberts*, 381 B.R. 171, 180 (Bankr. W.D. Pa. 2008), provides guidance. In *Alberts*, the court considered whether a prepetition judgment from a magisterial district court constitutes a "judgment for possession" while under appeal. *Id*. at 179. The court concluded that the judgment was not sufficiently final due to the fact that, on appeal, the judgment is subject to de novo review by a court of common pleas:

> Certain orders entered by some courts lose their requisite degree of firmness once an appeal is perfected and, as a result, the lower court order becomes nothing more than a nullity. One such narrow instance occurs when a judgment is subject to de novo review, which is nothing but a legal "Mulligan" or "do over" for the litigants in a different forum.

*Id*. Thus, the court found Section 362(b)(22) inapplicable and determined the eviction could not move forward until the appeal was resolved.

Here, *Alberts* is distinguishable as the eviction has not moved forward since the imposition of the automatic stay. Moolenaar was locked out prior to the imposition of the automatic stay. No action has occurred since then, unlike in *Alberts* where the landlord sought relief from the automatic stay to move forward because the tenant was still in possession. The landlord in this instance has not sought such relief. Moolenaar is under the mistaken belief Section 362(b)(22) will allow her to reenter her apartment, that is not true. Section 362(b)(22) is an exception to the automatic stay that permits judgments in possession to move forward with eviction based upon a final judgment. The statute is inapplicable in this instance because the landlord has not moved forward, unlike the landlord's intent in *Alberts*. Additionally, nothing in Section 362(b)(22) or in *Alberts* states a pending appeal "voids" a judgment in possession, as Moolenaar attempts to suggest. The bankruptcy court's ruling was in accordance with the applicable law.

### C.  Moolenaar's Form 101A and B

Lastly, Moolenaar asserts her filing of Forms 101A and B permitted her to stay in possession of her apartment as these forms are an exception to Section 362(b)(22). A tenant who files bankruptcy after a judgment of possession has an opportunity to stay in possession of their residence by two exceptions in Sections 362(l)(1) and (2), with Section 361(l)(1) providing temporary relief and Section 362(l)(2) providing permanent relief, which provides:

> (l)(1) Except as otherwise provided in this subsection, subsection (b)(22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that—
>
> (A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and

>   (B) the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition.
>
>   (2) If, within the 30-day period after the filing of the bankruptcy petition, the debtor (or an adult dependent of the debtor) complies with paragraph (1) and files with the court and serves upon the lessor a further certification under penalty of perjury that the debtor (or an adult dependent of the debtor) has cured, under nonbankruptcy law applicable in the jurisdiction, the entire monetary default that gave rise to the judgment under which possession is sought by the lessor, *subsection (b)(22) shall not apply*, unless ordered to apply by the court under paragraph (3).

11 U.S.C. § 362(l) (emphasis added).

To enable a debtor to implement these two exceptions to Section 362(b)(22), the Judicial Conference prescribed two Official Forms. Official Form 101A contains the certifications required by Section 362(l)(1)(A) and (B) to temporarily delay the application of the Section 362(b)(22) exception to the automatic stay for the first thirty days of a bankruptcy case. Official Form 101B contains the certification required by Section 362(l)(2) to permanently make the Section 362(b)(22) exception inapplicable past the first thirty days of the case. Essentially, Section 362(l)(2) makes the temporary relief in Section 362(l)(1) permanent predicated upon the debtor filing Official Form 101B.

Here, Moolenaar's reliance upon this exception is moot. Moolenaar lost possession of her apartment before the imposition of the automatic stay. Moolenaar admits she does not have possession of her apartment. Section 362(l)(1) and (2) allows a party, who is still in possession of their apartment, to stay in possession. Moolenaar lost possession prior to the imposition of the automatic stay. Thus, the statute is inapplicable to Moolenaar's appeal. Accordingly, the ruling of Bankruptcy Court was correct.

VI.     CONCLUSION

No violation of the automatic stay occurred because the landlord repossessed Moolenaar's apartment before the effective date of the automatic stay. The ruling of the Bankruptcy Court was correct. Accordingly, this Court affirms the Bankruptcy Court's Order of December 4, 2019, denying Moolenaar's Motion for Determination and Imposition of the Automatic Stay.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge